NOT FOR PUBLICATION WITHOUT THE
 APPROVAL OF THE APPELLATE DIVISION
 This opinion shall not "constitute precedent or be binding upon any court."
 Although it is posted on the internet, this opinion is binding only on the
 parties in the case and its use in other cases is limited. R.1:36-3.

 SUPERIOR COURT OF NEW JERSEY
 APPELLATE DIVISION
 DOCKET NO. A-4222-15T2

STATE OF NEW JERSEY,

 Plaintiff-Respondent,

v.

ANTHONY J. DICARLO, JR.,

 Defendant-Appellant.
___________________________________________

 Submitted May 16, 2017 – Decided July 18, 2017

 Before Judges Espinosa and Grall.

 On appeal from the Superior Court of New
 Jersey, Law Division, Atlantic County,
 Municipal Appeal Nos. E12-0757, E12-0758,
 and E12-0759.

 Helmer, Conley & Kasselman, P.A., attorneys
 for appellant (Patricia B. Quelch, of
 counsel and on the brief).

 Damon G. Tyner, Atlantic County Prosecutor,
 attorney for appellant (John J. Lafferty,
 IV, Assistant Prosecutor, of counsel and on
 the brief).

PER CURIAM

 Defendant Anthony J. DiCarlo, Jr. pled guilty to "operating

a motor vehicle with a blood alcohol concentration of 0.08%
blood alcohol concentration or more . . . ." N.J.S.A. 39:4-

50(a). Defendant's attorney advised the municipal court judge

that his client was entering the plea with the understanding

that summonses issued on the same occasion would be dismissed.

Those summonses were for reckless driving, N.J.S.A. 39:4-96,

based on his driving sixty-five miles per hour in a construction

zone, and a violation summons of N.J.S.A. 39:4-88(b), based on

his making an unsafe lane change.

 The judge asked defendant if he was pleading guilty because

he was guilty of driving under the influence, and defendant

said, "Yes." With defendant's attorney's consent, the judge

marked and admitted the State's exhibit, which was an Alcotest

worksheet reporting a .10 reading and a "mean reading of

.106750."

 Addressing defendant, the judge said: "[P]lease

understand, sir, those two readings are more than sufficient in

and of themselves to form the basis for a conviction assuming

that the trooper was a qualified . . . Alcotest operator and the

machine was working properly on that day, do you understand

that, sir?" Defendant responded, "Yes." The judge's next

question was, "Is that why you are pleading guilty to the

charge?" Defendant said, "Yes" and proceeded to acknowledge

that his plea was "free and voluntary."

 2 A-4222-15T2
 Defense counsel addressed the judge on sentencing, and the

judge imposed an appropriate sentence and dismissed the other

summonses in conformity with the agreement. That was done on

September 13, 2012, and defendant did not appeal.

 More than three years later, on October 15, 2015, defendant

appeared in municipal court on a motion to vacate the guilty

plea. Defendant was represented by a different attorney, who

argued that the plea was accepted without an adequate factual

basis. The judge who accepted the plea, after hearing counsel's

argument on the inadequacy of the questions he had posed in

eliciting a factual basis, denied the motion.

 Defendant's new attorney appealed the denial of the motion

to vacate to the Superior Court. Our review is of the

proceeding in Law Division. State v. Johnson, 42 N.J. 146, 157

(1964) (addressing the process when appeals from convictions in

municipal courts were taken to county courts and then from the

county courts to the Appellate Division). Defense counsel

limited his argument to the adequacy of the factual basis,

arguing that a court may not presume facts required to establish

the essential elements of the offense. He contended the judge

failed to elicit any fact from defendant and argued that the

municipal court judge needed to inquire about what alcohol

defendant drank and when he drank it.

 3 A-4222-15T2
 The Superior Court judge distinguished proofs required to

establish disputed facts at trial and undisputed evidence

establishing the elements of an offense in a plea proceeding.

He found the State's exhibit reporting the Alcotest readings and

defendant's agreement that his blood count was tested "by

someone authorized to administer such a test, that it was, in

fact, above the limit of .08, and that he . . . also operated a

motor vehicle while under the influence . . . ." The judge

concluded that the exhibit and defendant's admissions provided

an adequate factual basis.

 Having considered the record, the judge's decision, and the

arguments presented on appeal, we affirm. The arguments on

appeal, have insufficient merit to warrant discussion beyond the

brief comments that follow. R. 2:11-3(e)(2). In State v. Tate,

the Supreme Court provided the following guidance on the

importance of a factual basis for a guilty plea and what is

required to establish one:

 [T]he principal purpose of the factual-basis
 requirement . . . is to "protect a
 defendant who is in the position of pleading
 voluntarily with an understanding of the
 nature of the charge but without realizing
 that his conduct does not actually fall
 within the charge." [The Rule] serves as a
 fail-safe mechanism that filters out those
 defendants whose factual accounts do not
 equate to a declaration of guilt. Thus,
 before accepting a guilty plea, "the trial

 4 A-4222-15T2
 court must be 'satisfied from the lips of
 the defendant that he committed the acts
 which constitute the crime.'" A factual
 basis for a plea must include either an
 admission or the acknowledgment of facts
 that meet "'the essential elements of the
 crime.'"

 [220 N.J. 393, 406 (2015) (emphasis added
 and citations omitted).]

 The elements of the per se violation, which is the form of

driving while under the influence to which defendant pled

guilty, are straight forward. Pursuant to N.J.S.A. 39:4-50(a):

 [A] person who [1] operates a motor vehicle
 while under the influence . . . or [2]
 operates a motor vehicle with a blood
 alcohol concentration of 0.08% or more by
 weight of alcohol in the defendant’s blood
 or [3] permits another person who is under
 the influence . . . to operate a motor
 vehicle owned by him or in his custody or
 control or permits another to operate a
 motor vehicle with a blood alcohol
 concentration of 0.08% or more by weight of
 alcohol in the defendant’s blood" [commits
 this offense].

 The foregoing provision includes three separate bases for a

finding of guilt under N.J.S.A. 39:4-50(a). A factual basis for

both elements of the per se violation — operating a vehicle and

having a blood alcohol content of .08 or higher — was

established by defendant's acknowledgment that the reason for

his guilty plea was that he understood his "two readings [were]

more than sufficient in and of themselves to form the basis for

 5 A-4222-15T2
a conviction assuming that the trooper was a qualified . . .

Alcotest operator and the machine was working properly on that

day." For that reason, Judge Tyner properly denied the motion

to vacate.

 Affirmed.

 6 A-4222-15T2